IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV222

| | |
|---|---|
| CHRISTOPHER G. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction. For the reasons that follow, the motion is allowed.

## I. PRIOR PROCEEDINGS

Plaintiff filed initial applications for disability insurance benefits and Supplemental Security Income on January 15, 1996, alleging a disability onset date of August 31, 1989. **Defendant's Motion to Dismiss and Memorandum of Law, filed September 27, 2006, at 2, n.2.** He was found disabled and entitled to Supplemental Security Income with an onset

date of January 1, 1996. *Id*. at n.2. However, his application for disability insurance benefits was denied initially and upon reconsideration due to the fact he was unable to prove he was disabled as of the date he was last insured, that is, December 31, 1994. *Id*. at 2. He did not request a further review of that determination. *Id*.

Plaintiff filed a new application for disability insurance benefits on January 24, 2005. Again, because of his non-insured status, this application was denied initially and on reconsideration. *Id*. Thereafter on May 18, 2005, the Plaintiff requested a hearing before an Administrative Law Judge (ALJ); on February 16, 2006, the ALJ dismissed the Plaintiff's request for a hearing on the grounds that "[t]he four year period for requesting reopening of the prior determination elapsed in 2000." **See Exhibit 2, *attached to* Declaration of Carol Stone, *attached to* Defendant's Memorandum, *supra*; *see also*, 20 C.F.R. § 404.988(b).** The ALJ further concluded that the doctrine of *res judicata* applied since "the claimant has had a previous determination or decision about rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." *Id.* **(citing 20 C.F.R. § 404.957(c)(1)).**

On April 21, 2006, the Plaintiff requested the Appeals Council to review the ALJ's dismissal of his hearing request. **Defendant's Memorandum, at 3.** The request was denied on June 16, 2006, and the Plaintiff filed this action on July 26, 2006. *Id*.

## II. REVIEW

The right for judicial review in this Court is provided by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

**42 U.S.C. § 405(g)**. "No findings of fact or decisions of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." **42 U.S.C. § 405(h).**

In this case, the Plaintiff did not seek review of the ALJ's decision until January 24, 2005, well after the 60-day period or the four-year period for seeking to re-open the last prior adverse decision of May 28, 1996. "If a claimant fails to request review from the Council, there is no final

decision and, as a result, no judicial review in most cases." ***Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citing 20 C.F.R. § 404.900(b)).**

> If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.

**20 C.F.R. § 404.900(b).** This section suggests that time limits may be waived by the Commissioner on a showing of "good cause." It is also noted that "the 60-day limitation is not a jurisdictional requirement, but rather is a statute of limitations." ***Bowen v. City of New York*, 476 U.S. 466, 477 (1986).**

> Moreover, Congress has authorized the [Commissioner] to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases. While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."

***Id*. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)).**

From a review of the foregoing cases, the Court concludes that it does have jurisdiction to review Plaintiff's claim that his disability insurance benefits were improperly denied and that his request for an administrative

hearing should be granted. This does not mean, however, that he is necessarily entitled to the relief sought.

Taken in a light most favorable to the Plaintiff, it appears that he seeks review of the earlier referenced ALJ and Commissioner decisions on the ground that he was incompetent to fully understand his right to present evidence at the hearing or to appeal the adverse ruling by reason of post traumatic stress disorder. Plaintiff makes no forecast of evidence to support any claim of incompetence. A mental evaluation performed by the Veterans Administration in September 1995 showed that while the Plaintiff presented with a neat appearance and showed above average intelligence, he exhibited a suspicious manner, his speech was rapid and pressured, he was oriented to place and person, his affect was labile, and his judgment fair. **See Addendum I, *attached to* Plaintiff's Motion to Deny Defendant's Motion to Dismiss, filed October 24, 2006.** On March 8, 1999, the Veterans Administration determined that the Plaintiff was 100 percent disabled from his post traumatic stress syndrome as of April 13, 1998. **See Addendum III, *attached to* Plaintiff's Motion.** Thus, the Plaintiff's disability was found to begin some two years after his 1996 hearing and rulings by the ALJ. The Plaintiff has offered no forecast of

evidence from a mental health expert to support a claim of mental health limitations on or before his insured status expired. He offers no allegation of misconduct by the Commission or ALJ as condemned in *Dixon v. Sullivan*, 792 F. Supp. 942 (S.D.N.Y. 1992), or *Smith v. Shalala*, 910 F. Supp. 152 (D.N.J. 1995), where the courts discussed misconduct on the part of government officials. On the contrary, this case more nearly bears similarity to *Roberts v. Shalala*, 848 F. Supp. 1008 (M.D. Ga. 1994), where the claimant failed to show any government misconduct that would have prevented the plaintiff from knowing his rights, and simply failed to demonstrate due diligence in pursuing his rights to appeal. Nor has the Plaintiff here demonstrated that he is in a position to show a qualifying disability of any kind that existed on or before December 31, 1994, the date he was last insured for disability insurance purposes. **See 20 C.F.R. §§ 404.101, 404.130, 131.**

Plaintiff primarily relies on the case of *Shrader v. Harris*, 631 F.2d 297 (4th Cir. 1980), and related cases, all of which discuss claimants' claims of disabling mental illness. As in the current case, Shrader had failed to appeal rulings by the Commissioner denying him benefits. Contrary to this Plaintiff's factual situation, Shrader forecast evidence of a

disabling mental condition by introducing the opinions of a psychiatrist and a clinical psychologist that since the occurrence of a catastrophic event in Shrader's life, "he [was] living more of a vegetative like existence, and emotionally he started to deteriorate at first to a schizoid like existence. Later on he started to show signs of depression and also quite strong paranoid thinking . . . . He has already regressed to a psychotic level and the process apparently continues at a rather steady rate." *Id*. **at 299.** The Court recognizes that such a fact situation gives rise "to a statutory property interest protected by the due process clause" of the United States Constitution. *Id*. **at 301.** However,

> Our opinion applies solely to claimants afflicted by mental illness whose initial claims, presented pro se, were denied ex parte. The claimants must present prima facie evidence of incompetency. The opinion does not require the [Commissioner] to make initial inquiry about the mental competency of each applicant, nor does it require the [Commissioner] to provide counsel to mentally ill claimants.

*Id*. **at 302.**

For the foregoing reasons, the Court concludes that the Plaintiff has failed to forecast sufficient evidence of a mental condition or other disabling condition, or governmental misconduct that deprived him of a property interest without due process of law. The Court concludes that the

Plaintiff has provided no cognizable basis for court intervention. The matter is thus appropriately determined with finality by the Commissioner.

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss for lack of subject matter jurisdiction is **ALLOWED**, and this matter is hereby **DISMISSED WITH PREJUDICE**.

Signed: January 23, 2007

Lacy H. Thornburg
United States District Judge